COOLEY LLP
RYAN E. BLAIR (246724)
(rblair@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550-6420

*Attorney for Defendants and Nominal Defendant*

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GERON CORPORATION DERIVATIVE LITIGATION | Case No. 3:25-cv-03356-VC<br>(Consolidated) |
| This Document Relates to:<br>ALL ACTIONS | **JOINT STIPULATION AND [~~PROPOSED~~] ORDER TO EXTEND STAY OF CONSOLIDATED DERIVATIVE ACTION**<br>Judge: Hon. Vince Chhabria |

Plaintiffs Edward Troy Bishop, Travis Wills, and Chad Lerner ("Plaintiffs"), derivatively and on behalf of Geron Corporation ("Geron"), and Defendants John A. Scarlett, Andrew J. Grethlein, Michelle J. Robinson, Faye Feller, Anil Kapur, Jim Ziegler, Gaurav Aggarwal, Dawn C. Bir, V. Bryan Lawlis, John F. McDonald, Susan M. Molineaux, Elizabeth G. O'Farrell, and Robert Spiegel ("Individual Defendants," together with Geron, "Defendants," and together with Plaintiffs, "Stipulating Parties") jointly submit this stipulation ("Stipulation") to further stay the above-captioned action, and in support thereof state as follows:

**WHEREAS**, on March 13, 2025, a putative class action was filed in this Court against Geron and certain of the Individual Defendants alleging violations of federal securities laws, styled *Dabestani v. Geron Corp., et al.*, Case No. 3:25-cv-02507-VC (N.D. Cal.) (the "*Dabestani* Action");

**WHEREAS**, on March 14, 2025, another putative class action was filed against Geron and certain Individual Defendants alleging violations of federal securities laws, captioned *Potvin v. Geron Corporation, et al.*, 3:25-cv-02563-RFL (N.D. Cal.) (the "*Potvin* Action," and together, with the *Dabestani* Action, the "Securities Class Action"[1]), alleging similar violations of the federal securities laws;

**WHEREAS**, beginning on April 15, 2025, three substantially similar putative shareholder derivative actions, styled *Bishop v. Scarlett et al.*, Case No. 3:25-cv-03356 (N.D. Cal. Apr. 15, 2025), *Willis v. Scarlett et al.*, Case No. 3:25-cv-03396 (N.D. Cal. Apr. 16, 2025), and *Lerner v. Scarlett et al.*, Case No. 3:25-cv-03401 (N.D. Cal. Apr. 16, 2025) (collectively, the "Derivative Actions") were filed on behalf of Geron against the Individual Defendants;

**WHEREAS**, on May 13, 2025, the Court related the Derivative Actions to the Securities Class Action pursuant to Civ. L. R. 3-12 (Securities Action, Dkt. No. 28);

**WHEREAS**, on May 16, 2025, the Court granted the Stipulating Parties' joint stipulation to consolidate the Derivative Actions referenced above in one consolidated action captioned *In re*

[1] On May 29, 2025, the Court consolidated these two cases under the caption *In re Geron Corporation Securities Litigation*, Master File No. 3:25-cv-02507-VC (N.D. Cal.).

*Geron Corporation Derivative Litigation*, Case No. 3:25-cv-03356-VC (the "Consolidated Derivative Action") (Consolidated Derivative Action, Dkt. No. 12);

**WHEREAS**, on June 16, 2025, the Stipulating Parties filed a joint stipulation to stay the Consolidated Derivative Action pending the outcome of the motions to dismiss in the Securities Class Action (*Id.*, Dkt. No. 13);

**WHEREAS**, on June 17, 2025, the Court granted the Stipulating Parties' joint stipulation to stay the Consolidated Derivative Action (*Id.*, Dkt. No. 14);

**WHEREAS**, on October 31, 2025, the Court related a fourth-filed derivative action, styled *Hyung v. Bir, et al.*, Case No. 3:25-cv-08575-VC (N.D. Cal.) (the *"Hyung* Derivative Action"), to the Consolidated Derivative Action (Dkt. No. 16);

**WHEREAS**, on August 13, 2026, the Court denied defendants' motion to dismiss in the Securities Class Action (Dkt. No. 20);

**WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, the Stipulating Parties have agreed that, in light of the overlap between the Securities Class Action, the Consolidated Derivative Action, and the *Hyung* Derivative Action, all proceedings and deadlines in the Consolidated Derivative Action, including Defendants' obligation to move, answer, or respond, and all discovery obligations and deadlines, should be voluntarily stayed pending resolution of class certification in the Securities Class Action; and

**WHEREAS**, this is the Stipulating Parties' second request for a stay, and the Stipulating Parties do not seek this stay of proceedings for the purpose of delay, and the stay will not have an effect on any pre-trial dates as the Court has yet to schedule the dates.

**NOW THEREFORE**, it is hereby stipulated and agreed by the Stipulating Parties, through their respective counsel of record, as follows:

1. The Consolidated Derivative Action is hereby stayed pending (i) resolution of class certification in the Securities Class Action or (ii) until either party gives undersigned counsel fourteen (14) days' notice.

2. The Stipulating Parties agree that notwithstanding this stay of this Consolidated Derivative Action, Plaintiffs may file an amended complaint; however, Defendants need not answer

or otherwise respond to the complaint or to any other complaint or amended complaint that is filed in or consolidated with the Consolidated Derivative Action during the pendency of this stay.

3. During the pendency of this stay, Defendants shall notify Plaintiffs promptly of the filing of any other shareholder derivative actions arising from substantially similar or the same facts alleged in the Consolidated Derivative Action (the "Related Derivative Actions") and of any threatened derivative actions, including demands for the inspection of the Company's books and records pursuant to 8 *Del C.* § 220 ("Section 220 Demands") and any litigation demands.

4. During the pendency of this stay, Defendants shall notify Plaintiffs promptly upon the scheduling of any mediation with the plaintiff in the Securities Class Action and shall make a good faith effort to include Plaintiffs in any mediation with the plaintiffs in the Securities Class Action. In the event that Plaintiffs are not able to participate in the mediation, then Defendants agree to mediate with Plaintiffs at or around the same time as the Securities Class Action.

5. During the pendency of this stay, Defendants shall notify Plaintiffs promptly upon the scheduling of any mediation with any plaintiffs in the *Hyung* Derivative Action or any Related Derivative Actions and shall include Plaintiffs in such mediations.

6. During the pendency of the stay, Defendants shall promptly provide Plaintiffs with documents produced in the *Hyung* Derivative Action or any Related Derivative Actions or threatened derivative actions (including documents produced subject to any Section 220 Demands; provided, however, that any documents produced subject to the Section 220 Demands shall be governed by the same confidentiality agreement entered into between Geron and the stockholder(s) who issued the Section 220 Demands), and Plaintiffs shall be permitted to use such documents in Plaintiffs' case.

7. During the pendency of the stay, Defendants shall promptly notify Plaintiffs if any Related Derivative Action is not stayed, or is subject to a stay of shorter duration than the Consolidation Derivative Action.

8. Plaintiffs may seek to lift the stay if a Related Derivative Action is not stayed for a term comparable to the stay of the Consolidated Derivative Action.

9. After the stay is lifted, Defendants will not move to stay the Consolidated Derivative

Action in deference to any Related Derivative Action.

10. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Derivative Action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this agreement.

11. Nothing in the Stipulation prevents the Stipulating Parties from seeking an additional stay, depending on the circumstances, and to ensure economy of time and effort for the Court, for counsel, and for litigants.

12. Within fourteen (14) days after the stay of the Consolidated Derivative Action is terminated, the Stipulating Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Consolidated Derivative Action, including the date by which Defendants must answer, move, or otherwise respond to the complaint or any amended complaint.

13. Notwithstanding their agreement to stay the Consolidated Derivative Action, the Stipulating Parties reserve all of their respective rights, claims, and defenses in this Consolidated Derivative Action, and no part of this stipulation shall be construed as a waiver of any rights, claims, or defenses.

IT IS SO STIPULATED.

Dated: September 4, 2026

**COOLEY LLP**

BY: */s/ Ryan E. Blair*
Ryan E. Blair

RYAN E. BLAIR (246724)
(rblair@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117

*Attorney for Defendants John A. Scarlett, Andrew J. Grethlein, Michelle J. Robinson, Faye Feller, Anil Kapur, Jim Ziegler, Gaurav Aggarwal, Dawn C. Bir, V. Bryan Lawlis, John F. McDonald, Susan M. Molineaux, Elizabeth G. O'Farrell, Robert Spiegel, and Nominal Defendant Geron Corporation*

Dated: September 4, 2026

**REICH RADCLIFFE & HOOVER LLP**

*/s/ Adam T. Hoover*

Adam T. Hoover (SBN 243226)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Facsimile: (949) 208-2839
Email: adhoover@reichradcliffe.com

**LIFSHITZ LAW PLLC**

Joshua M. Lifshitz
1190 Broadway
Hewlett, NY 11557
Telephone: (516) 493-9780
Email: jlifshitz@lifshitzlaw.com

*Co-Lead Counsel for Plaintiffs*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

*/s/ Betsy C. Manifold*
Betsy C. Manifold (CA. Bar No. 182450)
Rachele R. Byrd (CA. Bar No. 190634
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
Email: manifold@whafh.com
Email: byrd@whafh.com

**RIGRODSKY LAW, P.A.**
Alex J. Tramontano (CA. Bar No. 276666)
1091 North Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-5746
Email: ajt@rl-legal.com

Vincent Licata
225 Broadway, Suite 3707
New York, NY 10007
Telephone: (212) 201-7690
Email: vl@rl-legal.com

*Co-Lead Counsel for Plaintiffs*

**~~[PROPOSED~~] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: September 8, 2026

HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE